LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant guilty of robbery. The court fixed his punishment at *512 seventy-five years imprisonment in the penitentiary and sentenced him accordingly.
The undisputed evidence, by the eyewitness testimony of a number of witnesses and corroborative circumstantial evidence, showed that defendant was one of two men who committed the robbery alleged in the indictment. There is no contention to the contrary. A summary of the evidence is not necessary.
At the conclusion of the allocution and pronouncement of sentence on August 22, 1979, the following occurred:
“MR. CHENAULT: [Appointed attorney for defendant]: Could you advise the defendant of his right for appeal at this time because there is a question as to whether or not he will be entitled to court appointed counsel on appeal or private retained counsel and could you advise him?
“THE COURT: You have the right to appeal, of course. I would suggest you talking with your lawyers and see whether you want to do that or not.
“THE DEFENDANT: I do.
“THE COURT: Anything else?
“THE DEFENDANT: How many days do I have to appeal?
“THE COURT: I’m not sure, you will have to talk with your attorneys. We will be adjourned.”
The record shows that on September 27, 1979, the defendant, while in the Morgan County Jail, filed in the office of the Circuit Clerk a notice of appeal, which included the statement, “Defendant-Appellant is indigent and requests the court to appoint an attorney to represent him on appeal.” Under circumstances discussed hereinafter, it appears that no counsel was appointed for appellant by the trial court. In this circumstance, this Court appointed counsel to represent appellant, who has duly made an appearance by brief disclosing that he had commendably searched the record for error prejudicial to defendant and presents a close question for our determination. The issue in effect is whether prejudicial error was committed by reason of an apparent hiatus in active representation by counsel for a period of thirty days after the pronouncement of sentence, within which time a motion for a new trial could have been filed. Our first answer to the issue presented by appellant’s resourceful counsel is that in many cases it would be of tremendous importance that a defendant be afforded appointed counsel within a thirty-day period in order for him to have the benefit of counsel’s advice and judgment as to the desirability from defendant’s standpoint of filing a motion for a new trial and, if such a motion is filed, the benefit of the services of said attorney in the prosecution and submission of such motion.
It should be made clear that neither appellant’s counsel nor anyone else suggests any fault on the part of the defendant’s appointed trial counsel either in the handling of the defense of the case or in not filing a motion for a new trial. It is clear that it was correctly understood by defendant’s appointed trial counsel that under the circumstances hereinafter discussed the attorney-client relationship between appointed trial counsel and defendant ceased at the end of the trial.
Some light is shed upon the troublesome question by what the transcript shows when the case was called for trial on August 20, at which time one at least of his two appointed counsel appeared, but defendant did not appear. A forfeiture was taken as of course, and the case was passed until the afternoon of the same day (Monday, August 20) when it appeared likely that he would be present. At 1:30 that afternoon, there was an in camera hearing at which defendant and his counsel, as well as State’s counsel, were present. The defendant explained his absence that morning, and in the course of his statement said, “I hired an attorney Friday in Birmingham [he named said attorney or attorneys] and he’s in Gadsden in Judge Wad’s [Waid’s] court, he’s trying a case in Judge Wad’s [Waid’s] in Gadsden, Alabama, and I retained him and I talked to him this morning and told him about my car being stolen and asked him what to do and he told me the best thing to do was get here as quick as I could and, you know, talk *513 to the lawyers up here and have them talk to you.” After further colloquy among the court, defendant and State’s counsel, the transcript shows the following:
“THE COURT: Will he be here in the morning?
“THE DEPENDANT: Yes, sir. I’ll make sure when I leave here I go straight to his office.

“THE COURT: We will keep the forfeiture in effect then and we’ll tell the jailer to let him call his lawyer in Birmingham and have him be up here in the morning. You’ll have to stay in the county jail tonight.”
The transcript shows nothing else relative to any retained lawyer until after the conclusion of the evidence in the case on the morning of August 22, when the following occurred in the judge’s chambers:
“THE COURT: What is this here?
“THE DEFENDANT: That’s what attorney — Okay. I, Michael Bice, Michael Steven Bice, I have — I do not want a court appointed lawyer. I have a lawyer that is on trial — in trial in Gadsden and cannot be here with me on this trial. I feel that I am not getting a fair trial without my lawyer here on this trial because I feel I am not getting a fair trial and my lawyer cannot be here with me because he is in a jury trial in Gadsden and has been on a jury trial for some few days now before my trial started.
“THE COURT: When did you have assets enough — when did you allegedly retain this lawyer?
“THE DEFENDANT: Today is the 22nd, so the 10th of this month, the 10th day.
“THE COURT: This Court has not had any correspondence or no word. Who is the lawyer?
“THE DEFENDANT: [The lawyer’s name]. My lawyer says right here my lawyer’s office called up here and talked to the Judge telling the Judge that my lawyer was in Gadsden on another trial and could not be here for this trial.
“THE COURT: That’s true. One of the members of that firm, not Mr. [name stated] himself, but the other lawyer that was up here on another case called the morning after the jury was struck and impaneled and told me that and I told him this jury was already struck and impaneled. That was the first word I had about any other lawyer.
“THE DEFENDANT: I said something the morning we came back here and we talked. I told you I had a lawyer. I did not want court appointed lawyers because I had a lawyer representing me that could not be here.
“THE COURT: And I’m saying that I didn't have any word from that lawyer following that. That conversation was a conversation we had on record. Anything else you gentlemen want to say?
“MR. CHENAULT: No, sir.
“THE COURT: Anything else you want to say?
“THE DEFENDANT: No, sir.
“THE COURT: All right.”
Counsel for both parties argued the case to the jury, and the court orally charged the jury. There is no further reference in the transcript to the matter of any retained attorney.
There is an entry in the record of the case action summary as follows:
“9/27/79
Clerk’s Notation: Docket sheet was presented to Judge Coggin for order to appoint attorney on appeal as defendant is indigent. Judge Coggin made no order to this effect.”
We are reasonably confident that the trial judge concluded from the last remarks made by defendant relative to appointed counsel that he did not desire to be represented by appointed counsel beyond a judgment in the trial court, and that the trial judge had some good reason to continue in that belief nofwithstanding defendant’s written request for the appointment of “an attorney to represent him on appeal,” and notwithstanding the Clerk’s Notation on the Case Action Summary quoted above, but the record does not permit a certain conclu *514 sion that defendant effectively waived his right to an appointed attorney through every critical stage of the prosecution.
Were it not for the totality of the circumstances in this particular case, we would be unable to determine with reasonable certainty that defendant has not been deprived of a constitutional right to which he was entitled. However, there is no contention that defendant had a valid ground for a motion for a new trial, and we find from our search of the transcript and the record proper that there is nothing therein that would have entitled defendant to a new trial. We find no error prejudicial to defendant. The failure to file a timely motion for a new trial and obtain a ruling thereon caused no substantial injury to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.